```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
───────────────────────────────

ROBERT BURNS,

                Plaintiff,

    - against -

GABRIEL SCOTT ET AL.,

                Defendants.

20-cv-10518 (JGK)

MEMORANDUM OPINION AND ORDER

───────────────────────────────

JOHN G. KOELTL, District Judge:

    The plaintiff moves for leave to serve defendant Gabriel Scott by publication as a result of the difficulty in effectuating personal service on the defendant.

    Substitute service by publication is not warranted at this stage. As a general matter, service by publication is disfavored. See Boddie v. Connecticut, 401 U.S. 371, 382 (1971) ("[P]ublication . . . is the method of notice least calculated to bring to a potential defendant's attention the pendency of judicial proceedings."); Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 315 (1950) ("It would be idle to pretend that publication alone . . . is a reliable means of acquainting interested parties of the fact that their rights are before the courts."). And the rules of the states whose service of process rules might apply to this action[1] reflect this disfavor. Under each of Maryland, New Jersey and New York law, service by publication

───────────────────────────────

[1] Pursuant to Federal Rule of Civil Procedure 4(e)(1), an individual "may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

is only expressly authorized in a narrow set of circumstances, none of which apply here. Cf. MD. CODE ANN., Md. Rules § 3-121 (not listing publication as a typical mechanism for service of process); N.J. STAT. ANN. § 4:4-4 (listing publication as a mechanism for service of process only upon certain creditors in certain circumstances); N.Y. C.P.L.R. §§ 314 & 315 (limiting service by publication to particular circumstances).

The Court also notes that service of process is intended to provide notice of a lawsuit to a defendant so that the issues of the case can be joined and the lawsuit decided on its merit or lack of merit. Service is not intended to be a game for the serving party or the party to be served. The Court is confident that the plaintiff can arrange a means to effectuate service.

Accordingly, the motion to serve by substitute service by publication is denied without prejudice.

The time for plaintiff to effectuate service of process is extended by 45 days.

The plaintiff is further directed to seek a Certificate of Default with respect to defendant Shift Hospitality, LLC. The plaintiff's previous submissions contained errors. See notice from the Clerk after ECF No. 12. The plaintiff is directed to move for a default judgment by an Order to Show Cause by September 10, 2021.

2

The Clerk is directed to close the motion in docket number 14.

**SO ORDERED.**

**Dated:**  New York, New York
August 9, 2021

```
_____
    John G. Koeltl
United States District Judge
```