UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────
ROBERT BURNS,

                      Plaintiff,

                                     20-cv-10518 (JGK)

      - against -
                                          ORDER

GABRIEL SCOTT, et al.,

                      Defendants.
───────────────────────────────────

JOHN G. KOELTL, District Judge:

    The plaintiff has moved for reconsideration of this Court's previous Order, ECF No. 44, denying the plaintiff's motion to reopen the case to allow for service on defendant Gabriel Scott.

    The plaintiff provides no basis for reconsideration. Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011). To succeed on a motion for reconsideration, the movant carries a heavy burden. The movant must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Doe v. N.Y.C. Dept of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983). "A motion for reconsideration is not an opportunity for making new arguments that could have been previously advanced." Liberty Media Corp. v. Vivendi Universal S.A., 861 F. Supp. 2d 262, 265 (S.D.N.Y.

2012). Moreover, the "decision to grant or deny a motion for reconsideration rests within the sound discretion of the district court." Vincent v. The Money Store, No. 03-cv-2876, 2014 WL 1673375, at *1 (S.D.N.Y. Apr. 28, 2014).

In his motion, the plaintiff has failed to point out any intervening changes in controlling law, any availability of new evidence, or any need to correct error or injustice. The plaintiff has also not indicated that this Court had overlooked any facts or law that would have been relevant to its earlier determinations.

The plaintiff filed the Complaint on December 12, 2020. Federal Rule of Civil Procedure 4(m) provides that the plaintiff had 90 days to serve the summons and complaint on Scott; the plaintiff did not do so. Nor did the plaintiff, within that time period, seek an extension of the time to serve the summons and complaint. The plaintiff now alleges that service was effected by mail on August 19, 2021. The alleged service is both untimely and improper. Service cannot effected simply by mail. See Fed. R. Civ. P. 4(c), (e); N.Y. C.P.L.R. 308. The plaintiff also failed to file either notice of service, or return of service, on the docket, until this point where the plaintiff has now provided an affidavit of service from Edward Griffin – over a year after such service was allegedly effected. See ECF No. 45. This affidavit of service still recites that such service was

2

effected by mail, which is not a proper method of service. Id. Magistrate Judge Cave was therefore correct in recommending that the case be dismissed as to defendant Scott for failure to serve the summons and complaint on defendant Scott.

The plaintiff ignores all of these considerations, and now seeks reconsideration of this Court's denial of the plaintiff's motion to reopen the case. As noted above, reconsideration is an extraordinary remedy. In the plaintiff's motion for reconsideration, the plaintiff largely sets out the same facts that were considered, and determined insufficient, on the plaintiff's earlier motion to reopen. The plaintiff does not adduce any additional facts of significance that warrant reconsideration. Accordingly, the motion for reconsideration is **denied**. The Clerk is directed to close Docket No. 46.

SO ORDERED.

Dated:   New York, New York
         November 9, 2022

                                    _____
                                          John G. Koeltl
                                    United States District Judge

3